UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JOHNNY R. WILLIAMS** | **CIVIL ACTION NO. 19-1401-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WALTER TOLLIVER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Johnny R. Williams, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on October 28, 2019. He is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and claims his civil rights were violated by prison officials. Plaintiff names Walter Tolliver, Vincent Coleman, Col. Cottrell, Shantell Coleman, Alma Burns, Lt. Col. Ford, Eddie Kennedy, Sgt. Starr, Nurse Mechelle Norris, and Nurse Jeffery Jackson as defendants.

Plaintiff was ordered on December 9, 2019, to furnish the Clerk of Court in Lafayette, Louisiana, one (1) copy of the complaint, two (2) completed summonses and one (1) completed USM 285 form for each defendant for service within 30 days of service of the memorandum order [Doc. 9]. On January 9, 2020, this court granted Plaintiff an

extension until February 6, 2020 to comply with the court's December 9, 2019 Memorandum Order [Doc. 25]. To date, Plaintiff has not complied with the order.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1982).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 19th day of March 2020.

Mark L. Hornsby
U.S. Magistrate Judge